**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v. Case No. 8:19-cr-545-TPB-AEP

RUDDY PAZ-ESTUPINAN,

Defendant.
_________________________________/

**ORDER DENYING DEFENDANT'S MOTIONS FOR SENTENCE REDUCTION UNDER AMENDMENT 821**

This matter is before the Court on Defendant Ruddy Paz-Estupinan's "Unopposed Motion for Sentence Reduction Under Amendment 821," filed by counsel on July 27, 2026. (Doc. 201). In addition, Defendant filed a *pro se* motion on November 13, 2023. (Doc. 169). After reviewing the motions, case file, and the record, the Court finds as follows:

Defendant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. *This case marked the second time Defendant got caught transporting drugs in international waters.* On July 29, 2020, the Court sentenced him to 210 months imprisonment, followed by five years of supervised release.

Defendant now seeks to reduce his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines, which decreased the advisory guidelines for offenders who meet certain criteria, including the absence of a criminal history point.

In accordance with the Middle District of Florida's administrative order implementing Amendment 821 (Doc. 115 in 3:21-mc-1-TJC), the United States Probation Office submitted a memorandum reporting that Defendant is eligible for a sentence reduction. (Doc. 190). The Office of the Federal Defender confirmed Defendant's eligibility for a reduction and moved unopposed to reduce his sentence proportionately to the low end of the revised advisory guidelines. (Doc. 201). Defendant has also moved *pro se* for the same relief. (Doc. 169).

The Court exercises its discretion to deny the requested reduction. Although a district court must consider the advisory guidelines when sentencing a criminal defendant, the guidelines are "only one of a dozen or so factors that the court must take into account." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1258 (11th Cir. 2015); *see Gall v. United States*, 552 U.S. 38, 59 (2007). The guidelines are advisory, not mandatory. *Id.*; *United States v. Henry*, 1 F.4th 1315, 1322 (11th Cir. 2021). As such, the Court always considers the advisory guidelines as required by applicable law, but the Court never imposes a sentence simply because the advisory guidelines suggest a particular range. The Court's discretion is guided by the sentencing factors enunciated in 18 U.S.C. § 3553(a). Some sentences imposed by the Court are below the advisory guidelines, some are within the advisory guidelines, and some sentences are above the advisory guidelines. The fact that the advisory guidelines were recently lowered does not mean, as some assume, that a defendant sentenced under those advisory guidelines is automatically entitled to have his sentence reduced.

Under the facts of this particular case, even considering the revised advisory guidelines, along with all of the other factors, the Court would impose the same

sentence today that it originally imposed. Among the Court's considerations, the Court notes that Defendant already received a downward variance due to his early cooperation. Defendant's attempt to economically support his family by engaging in this criminal activity must be punished, particularly where Defendant knew that his actions were illegal *as he had been convicted of a prior similar criminal offense* – the 2009 prior boat trip in 8:09-cr-424-T-33SPF, in which Defendant was sentenced to 70 months imprisonment, and then later, sentenced to an additional 24 months in prison in March 2020 for a violation of supervised release.

The Court's sentencing decision reflected Defendant's role in the operation and the Court's responsibility to adequately deter criminal conduct with a sentence that is sufficient but not greater than necessary, and Defendant got the punishment that he deserved. To grant Defendant's request would reduce the sentence below that level necessary to accomplish the purposes of sentencing, particularly considering the nature and circumstances of the offense, the seriousness of the offense, the need to promote respect for the law, and the need to provide just punishment and appropriate deterrence. Consequently, the motions are **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 20th day of August, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE